UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE WILLIAMS,

    Plaintiff,

    v.                                              CAUSE NO. 3:23-CV-449-JD-JEM

ASHLEY WARR,

    Defendant.

## OPINION AND ORDER

George Williams, a prisoner without a lawyer, filed a complaint alleging he suffers from vision loss after being attacked by a fellow inmate. ECF 1. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges on January 23, 2023, he told Case Management Supervisor Ashley Warr he did not feel safe in the C-1 Housing Unit because inmates were paying other inmates to assault him. He alleges on January 24, 2023, he repeated his fears and told her that Offender Lawrence told him to "watch his back" and asked him why inmates wanted him assaulted. He alleges on January 25, 2023, he repeated his fears and

told her several offenders told him to "watch his back" because inmates were coming to "collect the bounty" on his head. He alleges she did nothing to protect him. He alleges he was assaulted by multiple inmates later that evening.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Giving Williams the benefit of the inferences to which he is entitled at the pleading stage of this case, the allegations against Supervisor Warr state a claim. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Williams alleges that a half hour after the attack, Nurse P. Patel treated his injuries. He alleges he told Nurse Patel that he had a vision problem in his right eye and was admitted to the infirmary an hour later. Over the next two days, he was seen by Nurse Patel and Dr. Liaw whom he told about his vision problems and other symptoms. A day and a half after he was attacked, he was sent to the hospital. When he returned on January 31, 2023, he alleges Nurse Patel ordered an eye patch and released him to general population. He alleges Nurse Bridegroom told him he should have remained in the infirmary until his follow up visit.

Williams sues Nurses Patel and Bridegroom. Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v.*

*Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Nurse Patel is alleged to have promptly treated Williams' wounds and admitted him to the infirmary after he was attacked. It is not plausible to infer this was a substantial departure from professional standards. Nurse Patel is alleged to have been present with Dr. Liaw when Williams described his symptoms. Perhaps Williams believes he should have been sent to the hospital sooner, but it is not plausible to infer that it was a substantial departure for a nurse to defer to a doctor about when a patient should be sent to the hospital. Nurse Patel is alleged to have ordered an eye patch and discharged him to general population when he returned from the hospital. Though Nurse Bridegroom is alleged to have said he should have stayed in the infirmary until his follow up visit, Williams does not allege any facts from which it can be plausibly inferred that discharging him early was a substantial departure from professional judgment or that he suffered any direct injury because he was in general population sooner than he might have been. Nurse Patel or Nurse Bridegroom might have been

3

mistaken about when Williams should have been discharged from the infirmary, but this complaint does not plausibly allege either were deliberately indifferent.

Williams sues Centurion, the company contracted to provide healthcare services for the prison. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). This complaint does not plausibly allege Williams suffered any injury because of Centurion or its employees.

Williams sues Indiana Department of Correction Commissioner Christina Reagle. He alleges she did not properly train, control, or supervise her employees. Failure to train and supervise claims can only be brought against a municipality. *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). Commissioner Reagle is not a municipality.

Finally, Williams filed a preliminary injunction motion asking to be transferred to another prison. ECF 4. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

4

interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Williams has no chance of success on the merits because the relief he seeks (a transfer) is outside the scope of this lawsuit. Williams is proceeding solely on a claim for monetary damages based on a single event which happened months ago.

For these reasons, the court:

(1) DENIES the Motion for a Preliminary Injunction (ECF 4);

(2) GRANTS George Williams leave to proceed against Case Management Supervisor Ashley Warr in her individual capacity for compensatory and punitive damages for not protecting him from attack by fellow inmates in the C-1 Housing Unit at the Westville Correctional Facility on January 25, 2023, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Centurion, Christina Reagle, Nichole Bridegroom, and P. Patel;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Case Management Supervisor Ashley Warr at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Case Management Supervisor Ashley Warr to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on May 25, 2023

                                                /s/JON E. DEGUILIO
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT