UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE WILLIAMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-449-JD-JEM |
| ASHLEY WARR, | |
| Defendant. | |

OPINION AND ORDER

George Williams, a prisoner without a lawyer, is proceeding in this case "against Case Management Supervisor Ashley Warr in her individual capacity for compensatory and punitive damages for not protecting him from attack by fellow inmates in the C-1 Housing Unit at the Westville Correctional Facility on January 25, 2023, in violation of the Eighth Amendment[.]" ECF 7 at 5. Supervisor Warr filed a motion for summary judgment, arguing Williams did not exhaust his administrative remedies before filing this lawsuit. ECF 16. Williams filed a response, and Supervisor Warr filed a reply. ECF 46, 47, 48. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Supervisor Warr argues Williams did not exhaust his administrative remedies before filing this lawsuit because he never submitted a grievance related to his claim that she failed to protect him from an assault by other inmates on January 25. ECF 17 at 4-6. Specifically, Supervisor Warr provides an attestation from the Grievance Specialist

2

that the grievance office has no record of Williams submitting any grievance that mentions Supervisor Warr or her actions on January 25. ECF 16-1 at 6.

In response, Williams provides evidence showing the following: On February 3, 2023, Williams submitted a grievance complaining Supervisor Warr failed to protect him from an attack by other inmates on January 25 ("February 3 grievance"). ECF 46-1 at 10. Williams never received any receipt or response from the grievance office in relation to this grievance. On February 9, 2023, Williams submitted a "Request for Interview" form to the Grievance Specialist notifying her of his February 3 grievance and requesting an update. *Id.* at 15. Williams never received any response to this "Request for Interview" form. *Id.* On February 10, 2023, Williams submitted a Level I appeal noting he'd never received any response to his February 3 grievance. *Id.* at 11. Williams never received any response to his Level I appeal. On February 20, 2023, Williams sent a "Request for Interview" form to the warden notifying him he hadn't received any response to his Level I appeal. *Id.* at 15. Williams never received any response to this "Request for Interview" form. *Id.* On February 28, 2023, Williams submitted a Level II appeal because he never received any response to his Level I appeal. *Id.* at 12. Williams never received any response to his Level II appeal. *Id.*

Thus, Williams has provided evidence he submitted a grievance complaining of Supervisor Warr's conduct and followed up with written notices to the Grievance Specialist, but the Grievance Specialist never responded to his grievance or subsequent written notices. This left Williams without any further available administrative remedy to exhaust.

In her reply, Supervisor Warr argues the Grievance Specialist "did not receive" Williams' February 3 grievance. ECF 48 at 3. But Supervisor Warr does not dispute Williams' evidence he sent written notices to the Grievance Specialist informing her of his February 3 grievance and never received any response from the Grievance Specialist. It was the duty of the Grievance Specialist to investigate and respond to Williams' written notices. *See* ECF 16-2 at 9 (If an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) *and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days*") (emphasis added). Because the Grievance Specialist never responded to Williams' written notices, he had no further remedy to pursue.

Supervisor Warr also argues Williams' evidence of his February 3 grievance is "not properly authenticated" and is "impermissible hearsay." ECF 48 at 3. But Williams provides sworn affidavits describing the steps he took to exhaust his administrative remedies, which is information within his personal knowledge. ECF 33, ECF 33-1, ECF 33-2. Moreover, the proper question for documents used at the summary judgment stage is not whether they have been properly authenticated, but whether the facts within them *could* be rendered admissible. *See Wragg v. Vill. of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010) ("the form produced at summary judgment need not be admissible"); Fed. R. Civ. P. 56(c)(2) (permitting a "party [to] object that the material cited to support or dispute a fact *cannot be presented in a form* that would be admissible in evidence")

4

(emphasis added). The evidence provided by Williams is either admissible or can be presented in an admissible form, and shows the Grievance Specialist made his administrative remedies unavailable by failing to respond to his February 3 grievance and subsequent written notices.

Accordingly, because the undisputed evidence shows the grievance office made Williams' administrative remedies unavailable, Supervisor Warr has not met her burden to show Williams had available administrative remedies he did not exhaust before filing this lawsuit. Supervisor Warr's motion for summary judgment (ECF 16) is therefore DENIED.

SO ORDERED on January 18, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT